IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Frye, | ) |
| Plaintiff, | ) Civil Action No.: 2:23-cv-4566-BHH |
| v. | ) **ORDER** |
| Weymouth/Brooks Hill, LLC, | ) |
| Defendant. | ) |

Plaintiff Michael Frye ("Plaintiff"), proceeding *pro se*, filed this civil action seeking recovery of certain real property pursuant to S.C. Code Ann. § 15-67-10, *et seq.* (ECF No. 1.) According to Plaintiff's complaint, he is a lineal descendant of Josias Garnier DuPree and holds an unbroken chain of title to approximately 600 acres of land in Georgetown County, South Carolina, based on a plat and King's Grant to DuPree from 1735. (*Id.*) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this action was referred to a Magistrate Judge for preliminary review.

## BACKGROUND

On May 9, 2024, Plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; however, because Defendant had already filed an answer, Plaintiff could not seek voluntary dismissal without court approval pursuant to Rule 41(a)(1). (*See* ECF Nos. 10, 15.) *See Camacho v. Mancuso*, 53 F.3d 48, 51 (4th Cir. 1995) (Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.") Thus, United States Magistrate Judge Mary Gordon Baker entered a text order explaining that the action could not be dismissed without a court order because Defendant had already filed an answer and did not sign the notice of dismissal. (ECF No. 16.) The Magistrate Judge also

ordered Defendant to file a status update by May 15, 2024, stated whether it consents to dismissal. (*Id.*)

On May 15, 2024, Defendant filed a statement indicating that it does not consent to a dismissal without prejudice, noting that Plaintiff's purported notice of voluntary dismissal was filed only six days after Defendant served Plaintiff with a timely expert report, and further explaining that Defendant would be moving for summary judgment. (ECF No. 18 at 1.) On June 5, 2024, Defendant filed its motion for summary judgment. (ECF No. 21.)

Subsequently, Plaintiff filed an "opposition to Magistrate Judge's Order pursuant to Federal Rules of Civil Procedure," which the Magistrate Judge construed as a motion to dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure in a text order filed on June 20, 2024. (ECF No. 37.) In her text order, the Magistrate Judge also instructed Defendant to respond to Plaintiff's motion by July 1, 2024, and stayed Plaintiff's deadline to respond to Defendant's motion for summary judgment. (*Id.*)

On July 1, 2024, Defendant filed a response in opposition to Plaintiff's motion to dismiss, asserting that the Court should only grant a dismissal with prejudice because dismissal without prejudice would case legal prejudice to Defendant. (ECF No. 39 at 3.) Plaintiff filed a reply on July 1, 2024. (ECF No. 40.)

On July 25, 2024, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and finding that voluntary dismissal of Plaintiff's claims without prejudice will not unfairly or substantially prejudice Defendant. (ECF No. 41 at 3.) Accordingly, the Magistrate Judge recommended that Plaintiff's motion to dismiss be granted and that this action be dismissed without prejudice. (*Id.* at 4-5.) Attached to the Report was a notice advising the parties of the right to file written objections

to the Report within fourteen days of being served with a copy. On August 8, 2024, Defendant filed objections to the Magistrate Judge's Report.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In its objections, Defendant asserts that Plaintiff's motion to dismiss should be denied because Plaintiff attempted to dismiss this action only after it became apparent that his claims lack merit. (ECF No. 44 at 1.) Defendant further asserts that there is no basis for Plaintiff to voluntarily dismiss this action and that a dismissal without prejudice would cause it legal prejudice. (*Id.* at 3.) According to Defendant, the facts of this case justify a dismissal with prejudice rather than without prejudice. (*Id.*) Defendant objects:

> Dismissal without prejudice to Plaintiff's claims would prejudice Defendant—Defendant completed discovery and expended funds on an expert to challenge Plaintiff's title claim arising from a 1700s grant, who revealed that 1) the alleged grant describes different property from that owned by Defendant and 2) Plaintiff's predecessor in title conveyed the property subject to the grant out to a third party shortly after receiving the grant in the 1700s.

(*Id.* (citing ECF No. 18-1, Defendant's expert report)) Defendant further asserts that, although the Magistrate Judge noted that Defendant was aware of Plaintiff's desire to dismiss this case without prejudice *before* it filed its motion for summary judgment, at the

3

time, Plaintiff maintained his belief that he had the right to unilaterally dismiss his case, and "[b]y the time [Plaintiff] filed any paper that the court could construe as a motion for dismissal by court order, Defendant had already filed a motion for summary judgment based on the expert's findings." (*Id.* at 4 (citations omitted).)

In addition, Defendant objects that, even though further litigation does not constitute legal prejudice, this case is unlike the cases cited by the Magistrate Judge because Plaintiff has not put forth any need for dismissal. (*Id.* (referring to *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987), and *Gross v. Spies*, 133 F.3d 914 (Table), 1998 WL 8006, at *5 (4th Cir. 1998).) Instead, Defendant asserts that this case is like *True v. Seppala*, No. 2:13-cv-2228-DCN, 2015 WL 4937298 (D.S.C. Aug. 17, 2015), where dismissal only delays the inevitable outcome of a case patently lacking merit. (ECF No. 44 at 4.)

After a careful *de novo* review, Defendant's objections do not convince the Court to reach a different conclusion than that recommended by the Magistrate Judge. As the Magistrate Judge explained, Rule 41 (a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, with court approval, to voluntarily dismiss an action without prejudice at any time. The rule provides:

> Except as provided in Rule 41(a)(1) [dismissal before service of either an answer or motion for summary judgment, or dismissal by stipulation signed by all parties who have appeared] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted). "A plaintiff's motion under Rule 41 (a)(2) should not be denied absent substantial prejudice to the defendant." *S.A. Andes v. Versant*

*Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).  When ruling on a motion for voluntary dismissal, courts consider, among other factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation." *Gross v. Spies*, 133 F.3d 914 (Table), 1998 WL 8006, at *5 (4th Cir. 1998).

Here, although it is clear that Defendant has put forth effort and incurred expenses in connection with this action, the Court does not find any excessive delay or lack of diligence on the part of Plaintiff.  As the Magistrate Judge noted, Plaintiff states that he "made the decision to voluntarily [his] case" after "exchanging Interrogatories with the Defendant," before expiration of the discovery deadline.  (ECF No. 36 at 3.)  As the Magistrate Judge also noted, although Defendant has now filed a motion for summary judgment, Defendant filed its motion two months prior to the dispositive motions deadline and *after* it knew that Plaintiff wished to voluntarily dismiss this action.  Defendant claims that dismissal without prejudice only delays the inevitable outcome of this case, and Defendant asserts that this case is like *True*, but the Court is not convinced.  Stated plainly, *True* involved a statute of limitations issue that is not present in this case, and the plaintiff in *True* was not diligent.  Ultimately, as the Magistrate Judge explained, "[p]rejudice to the defendant does not result from the prospect of a second lawsuit . . . ," and all of the discovery that took place in this lawsuit could be used in a subsequent lawsuit, if there ever is one.  *Davis*, 819 F.2d at 1274-75.  Because the Court finds no substantial prejudice to Defendant, the Court adopts the Magistrate Judge's findings and grants Plaintiff's motion to dismiss.

**CONCLUSION**

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 41); the Court overrules Defendant's objections (ECF No. 44); the Court grants Plaintiff's motion to dismiss (ECF No. 36); and the Court dismisses this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, thereby rendering moot Defendant's motion for summary judgment (ECF No. 21) and Plaintiff's motion to strike (ECF No. 30).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 30, 2024
Charleston, South Carolina